FRANCISCO RIVERA PAGÁN ET AL., RAMÓN A. RIVERA RIVERA EX REL., demandantes y recurridos, *v.* JAIME R. LÓPEZ SANTIAGO y NATIONWIDE MUTUAL INSURANCE COMPANY, demandados y recurrentes; FÉLIX BERLINGERI, tercero demandado.

*Números:* R-71-162-A, R-71-165    *Resuelto:* 5 de septiembre de 1974

*José A. Rivera Mercado* y *Harold D. Vicente,* abogados de los recurrentes; *Dapena, Dapena & Toro,* abogados de los recurridos; *Enrique Corchado Juarbe,* abogado del tercero demandado.

PER CURIAM: Se trata de un accidente ocurrido en horas de la noche en la carretera de Coamo a Juana Díaz. El recurrido Francisco Rivera Pagán caminaba por el paseo de la carretera saliendo de Coamo hacia Juana Díaz cuando fue arrollado por el recurrente Jaime López Santiago. Las conclusiones pertinentes con respecto a la forma en que ocurrió el accidente fueron las siguientes:

"1. En la noche del día 6 de noviembre de 1966 el demandante Francisco Rivera Pagán caminaba por el paseo de la carretera, por su izquierda, en dirección del pueblo de Coamo hacia Juana Díaz. La noche estaba obscura. Al llegar frente a un negocio de automóviles usados que junto a la carretera tenía el tercero-demandado Félix L. Berlingeri, desde dentro del negocio de dicho tercero-demandado, salieron dos perros ladrando, el más pequeño de los cuales atacó al demandante, tratando de morderlo, mientras el más grande le ladraba y se le acercaba.

2. Acosado por los perros el demandante comenzó a retroceder de frente a los perros y de espalda a la carretera adentrándose en la misma unos cuantos metros. Estando en esa posición y ya dentro del área de rodaje vio los reflejos de las luces del vehículo Volkswagen que se acercaba e inmediatamente fue impactado por dicho vehículo.

3. La carretera en el sitio donde ocurrió el accidente es recta y tiene un ancho de unos 10 metros, con un área verde a los bordes y no tiene aceras. El demandante vestía camisa blanca, pantalones Kaki y sombrero blanco al momento de ser arrollado.

4. Al momento de ocurrir el accidente no venían otros vehículos por la carretera.

5. El co-demandado viajaba por la carretera, en la misma dirección que el demandante a exceso de velocidad y no se percató de la presencia del demandante ni de los perros (sólo vio un bulto) hasta que estuvo como a unos 8 a 10 pies de distancia a pesar de que los focos del vehículo tenían un alcance de 100 a 125 pies de distancia y él tenía para esa época una visión perfecta (20 x 20).

6. El demandante fue impactado por el lado izquierdo del vehículo y cayó al centro de la carretera.

7. El vehículo del demandado López Santiago fue a chocar con un árbol unos 50 pies del sitio del impacto, destruyéndose el auto y resultando herido el co-demandado Jaime L. López Santiago.

8. Como consecuencia del accidente, el demandante Francisco Rivera Pagán recibió contusiones en distintas partes del cuerpo y le fue amputada la pierna derecha.

9. Concluimos como cuestión de hecho, por el resultado de la prueba, que los perros, o bien eran poseídos por el tercero demandado Félix L. Berlingeri, o éste se servía de ellos para proteger su propiedad, ya que habían sido vistos por el demandante, unas veces amarrados y otras veces sueltos, en el negocio de Berlingeri cuando el demandante pasaba por allí para ir a su trabajo en los Baños de Coamo".

En base a tales conclusiones de hecho el Tribunal determinó que el accidente ocurrió en un 75% por la negligencia del recurrido López Santiago y un 25% por la negligencia del recurrido Félix R. Berlingeri. Este fue traído originalmente al pleito como tercero-demandado por la aseguradora de López Santiago, la recurrente Nationwide Mutual Insurance Company.

Discutiremos inmediatamente los errores apuntados en ambos recursos de revisión pero antes debemos consignar que todos los hechos esenciales concluidos por el tribunal de instancia tienen amplio apoyo en la prueba desfilada. Así lo

hemos constatado mediante un detenido examen de la transcripción del récord.

1. Erró el tribunal al no aplicar la doctrina de emergencia súbita y concluir sin base alguna en la prueba que el recurrente Juan López Santiago conducía su vehículo a velocidad exagerada.

■ Arguye la recurrente Nationwide que la prueba estableció una situación de emergencia súbita porque el recurrido Rivera Pagán abandonó un lugar seguro como lo era el paseo de la carretera para adentrarse al área de rodaje con el propósito de evadir el ataque de los perros y que el conductor López Santiago no podía anticipar que aquél se lanzaría a la carretera interponiéndose al paso de su vehículo. No tiene razón.

La prueba demostró que López Santiago conducía su vehículo a alta velocidad por una carretera amplia, recta y despejada; que las luces de su automóvil estaban en buenas condiciones y tenían un alcance de 100 a 125 metros; que Rivera Pagán vestía camisa y sombrero blanco, indumentaria fácil de distinguir en la obscuridad, y, que no venían otros vehículos por la carretera. A pesar de ello el conductor López testificó que no vio a Rivera Pagán hasta estar cerca de 8 pies de distancia de él. En estas circunstancias, demostrativas de la negligencia de López, no es de aplicación la doctrina de emergencia súbita.

2. Cometió error el tribunal al aplicar incorrectamente la doctrina de responsabilidad concurrente.

■ Arguye la recurrente Nationwide que el Art. 1805 del Código Civil, 31 L.P.R.A. sec. 5144, impone responsabilidad absoluta al dueño o poseedor que se sirve de un animal. De ahí concluye que no se puede dividir la responsabilidad. El argumento es especioso. Como ya vimos, las causas que provocaron el accidente fueron tanto la alta velocidad a que conducía López Santiago como los ataques de unos perros sueltos, siendo imputable una causa a López Santiago y otra a Ber-

lingeri. Esto quiere decir que ambos fueron co-causantes de un daño en la proporción fijada por el tribunal. El concepto "absoluto" en el contexto jurisprudencial del Art. 1805 meramente significa que no hay que probar negligencia, pero en nada impide imponerle responsabilidad en forma concurrente al co-causante de un daño producido en parte por un animal.

3. El tercer apuntamiento de Nationwide fue cubierto adecuadamente al discutir anteriormente el primero.

4. Cometió error el tribunal al no permitir que el policía Oscar González Colón, quien practicó la investigación del accidente y en el curso de la misma entrevistó al recurrido Rivera Pagán minutos después de ocurridos los hechos, declarara sobre las manifestaciones que espontáneamente y contra su interés le hiciera el demandante-recurrido.

La recurrente Nationwide arguye que las alegadas manifestaciones que le hizo Rivera Pagán al policía investigador eran admisibles por ser parte del *res gestae*. Dichas manifestaciones eran admisibles, no por ser parte *res gestae*, sino por ser manifestaciones contra interés. El tribunal de instancia debió haberlas admitido y considerarlas dentro del conjunto de la prueba. El no haberlo hecho, sin embargo, no es un error que de margen a la revocación. Rivera Pagán es tío abuelo del recurrido López Santiago, y es natural que al informarle al policía sobre el accidente quisiera en alguna forma protegerlo contra una acusación delictiva. Por otro lado, la prueba demostró sin margen a dudas la negligencia en que incurrío López Santiago.

5. En el quinto apuntamiento impugna Nationwide la concesión de $1,000 de honorarios de abogado.

El apuntamiento es completamente frívolo.

Los errores apuntados en el recurso de revisión del recurrente Berlingeri están cubiertos debidamente en la discusión de los anteriores apuntamientos.

*Se dictará sentencia confirmando la sentencia recurrida.*