EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Dr. José M. Berio Suárez, et als. <br><br> Demandantes-peticionarios <br><br> v. <br><br> Royal Insurance Co. of Puerto Rico, et als. <br><br> Demandadados-recurridos | Certiorari <br><br> 2005 TSPR 71 <br><br> 163 DPR _____ |

Número del Caso: CC-2003-289

Fecha: 20 de mayo de 2005

Tribunal de Apelaciones:

Circuito Regional I de San Juan

Panel, integrado por su Presidenta la Jueza Fiol Matta, Jueces González Rivera y Rivera Martínez

Abogado de la Parte Peticionaria:

Lcdo. Raúl Aponte Sánchez

Abogados de la Parte Recurrida:

Lcdo. Amancio Arias Guardiola
Lcda. Sheila I. Vélez Martínez

Materia: Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Dr. José M. Berio Suárez,
et als.

   Demandantes-peticionarios

                             CC-2003-289    Certiorari

      v.

Royal Insurance Co. of Puerto
Rico, et als.

Demandados-recurridos

Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico, a 20 de mayo de 2005.

El presente caso nos permite estudiar a fondo, por primera vez, la responsabilidad que impone el Art. 1810 del Código Civil de Puerto Rico, 31 LPRA 5149 (en adelante Art. 1810) por los daños causados por las cosas que se caen o son arrojadas de una vivienda. Veamos.

I.

El 4 de noviembre de 1994, el apartamento del Dr. José M. Berio Suárez, localizado en el Condominio Washington Executive en Condado, se inundó. La causa de dicha inundación, según estipulada por las partes, fue la rotura de un tubo de goma de la máquina lavaplatos del

apartamento inmediatamente superior, perteneciente al        Sr. Paul Hasselback.[1]

En cuanto notó la inundación, el Dr. Berio Suárez comenzó a sacar el agua.[2] Unas dos a tres horas después de empezar con esa labor, el Dr. Berio Suárez sufrió una caída. Había resbalado sobre una sustancia blanquecina que cayó al suelo cuando el estucado del techo de su apartamento se desprendió como consecuencia de la inundación.

Oportunamente, el Dr. Berio Suárez instó demanda contra el señor Hasselback y su aseguradora Royal Insurance Co. of Puerto Rico.[3] Reclamó compensación por los cuantiosos daños alegadamente sufridos como consecuencia de su caída.[4]

El Tribunal de Primera Instancia fragmentó la causa de acción y celebró primero una vista de negligencia. Luego de ésta, el foro de instancia desestimó la demanda por no haberse

---

[1] Al momento de ocurrir los hechos, ese apartamento estaba desocupado. El señor Hasselback, aunque visitaba y usaba el apartamento, residía en Estados Unidos.

[2] La administradora del condominio, señora Nayda Velázquez Vilella, envió al "handyman" del edificio, señor Miguel Hudo, a ayudar al Dr. Berio Suárez.

[3] En su demanda, el Dr. Berio Suárez se amparó en el Art. 1802, *supra*, y en otras disposiciones legales, entre ellas el Art. 1810.

[4] El Dr. Berio Suárez alegó que sufrió un hematoma subdural en el lado izquierdo del cerebro y desplazamiento de la masa encefálica. Adujo que ello, a su vez, llevó a ciertas complicaciones médicas e implicó cambios sustanciales en su vida.

probado la negligencia del señor Hasselback. Además, expresó que la única causa de los daños había sido la propia negligencia del Dr. Berio Suárez al caminar por un apartamento inundado.

De esa sentencia recurrió el Dr. Berio Suárez al Tribunal de Apelaciones. Dicho foro confirmó al Tribunal de Primera Instancia.

Inconforme aún, el Dr. Berio Suárez acude ante nos. Sostiene, en síntesis, que el foro apelativo intermedio y el foro de instancia erraron al desestimar su reclamación. Expedimos el auto. Con el beneficio de la comparecencia de las partes, resolvemos.

II.

A.

De entrada es menester señalar que aun cuando consideramos correcta la decisión del foro de instancia, confirmada por el Tribunal de Apelaciones, sobre la improcedencia de una acción al amparo del Art. 1802, *supra,* cuando no se prueba la negligencia, ello de por sí solo no disponía del presente recurso. Nos explicamos.

Conforme establece el Art. 1810:

> El cabeza de familia que habita una casa o parte de ella es responsable de los daños causados por las cosas que se arrojaren o cayeren de la misma.

Se trata, según se desprende del texto, de una imposición de responsabilidad a un sujeto particular cuando de una vivienda se caen o arrojan objetos y éstos causan daños.

La responsabilidad que se encuentra preceptuada en esta disposición, según nos comenta el profesor Irizarry Yunque, es objetiva o sin culpa. Carlos J. Irizarry Yunque, *Responsabilidad Civil Extracontractual*, 5ta Ed., 2003, pág. 602. Igual criterio sostienen Puig Brutau y Espín en cuanto al Art. 1910 del Código Civil español, que es equivalente a nuestro Art. 1810. Puig Brutau, *Fundamentos de Derecho Civil, Tomo II, Vol. III,* Bosch, 1983, pág. 128, Diego Espín Cánovas, *Manual de Derecho Civil Español, Vol. III*, pág. 528. El efecto práctico es que, contrario a lo que ocurre con el Art. 1802, *supra,* el perjudicado se alivia de la carga de la prueba sobre el elemento de negligencia. Puig Brutau, *supra*. Para llevar con éxito una acción al amparo del Art. 1810 es innecesario incluso que se alegue negligencia de parte del responsable o de cualquier otra persona.

En cuanto a la identidad del responsable, cabe notar que el artículo lo nombra como "el cabeza de familia". Con esa expresión se quiso destacar que sólo se impondría responsabilidad al principal o al responsable de la vivienda, en vez de a todos los habitantes de ella o a aquél que de hecho ocasionó la caída de la cosa. *Véanse, Comentarios al Código*

*Civil y Compilaciones Forales*, *Tomo XXIV,* Manuel Albaladejo, Dir., Editorial Revista de Derecho Privado, 1984, pág. 657-658, Puig Brutau, *supra.* De lo que se trata realmente es de imponer responsabilidad a la persona a la que se le puede atribuir el control de la vivienda, aunque no hubiese sido ella quien arrojó o dejó caer la cosa.

## B.

Cabe mencionar que el Art. 1910 del Código Civil español tiene idéntica redacción a nuestro Art. 1810. Resulta, por lo tanto, particularmente persuasiva la interpretación que el Tribunal Supremo español ha dado a dicha disposición.

En la sentencia de 12 de abril de 1984, Núm. 1958 LI (Vol. I) Repertorio de Jurisprudencia, 1490, el referido Tribunal se encontró con una situación parecida a la del caso que nos ocupa. Allí se había instado demanda contra la dueña de un apartamento por los daños que había ocasionado el agua que cayó desde su piso, agua que provenía de unos grifos que se habían dejado abiertos. Para el tiempo en que ocurrieron los sucesos, la demandada se había ausentado de su apartamento en lo que se concluían ciertas obras. Uno de los obreros había dejado abierto el grifo luego de una interrupción en el servicio de agua para el edificio. En vista de tales hechos, la demandada arguyó que no procedía la reclamación porque no se cumplían los requisitos

del Art. 1902 [Art. 1802 nuestro], en particular aquel relativo a la negligencia. Expresó que tampoco procedía la acción al amparo del Art. 1903 ó 1910 [1803 ó 1810 en el Código Civil de Puerto Rico] ya que, en el caso del primero, no existía la relación necesaria entre el actor y el responsable para que se configurase la causa de acción. Sobre el Art. 1910 señaló que era inaplicable ya que no existía negligencia.

El Tribunal Supremo español estuvo de acuerdo en la inaplicabilidad de los artículos 1902 y 1903. **En cuanto al Art. 1910, sin embargo, expresó que era una muestra de responsabilidad objetiva, "razón por la cual, es evidente que el hecho de mediar o no culpa por parte de la recurrente [la dueña del apartamento de donde provino el agua] no impide su deber de resarcir a quien sufrió el daño".**

En 1993, el Tribunal Supremo emitió otra sentencia en que aplicó el Art. 1910. S. De 26 de junio de 1993, Núm. 5383, LIX (Vol. III) Repertorio de Jurisprudencia, 6869. En ese caso los hechos eran los siguientes: se había roto una tubería de una clínica dental que estaba localizada en el primer piso de un edificio y eso había causado que el negocio que se encontraba en los bajos del mismo edificio, un bar, se inundara. El dueño de la cantina demandó al dueño de la clínica dental, exigiendo compensación por el importe de las reparaciones que había tenido que llevar a cabo como consecuencia de la inundación y por los

daños que sufrió por tener que mantener su establecimiento cerrado mientras se realizaban las reparaciones.

El Tribunal Supremo estimó que procedía la demanda y compensación por las partidas antes señaladas. **Utilizó como fundamento el Art. 1910 y expresó que éste ofrece "una clara muestra de la denominada 'responsabilidad objetiva' o 'por riesgo' [por lo que] responsabiliza al dueño u ocupante por cualquier título ('cabeza de familia' le denomina) de una casa o vivienda de los daños causados 'por las cosas que se arrojaren o cayeren de la misma', dentro de cuya expresión, al no tener la misma carácter de 'numerus clausus', han de incluirse tanto las cosas sólidas, como los líquidos que, de una forma u otra, caigan de la expresada vivienda y causen daños a tercero en su persona o en sus cosas". (Citas omitidas.)**

Más recientemente, el Tribunal Supremo español reafirmó la aplicabilidad del Art. 1910 a una situación en que el demandante sufrió los efectos de una inundación ocasionada por la rotura de un tubo en el apartamento de la parte demandada. S. de 6 de abril de 2001, Núm. 3636, LXII (Vol. II) Repertorio de Jurisprudencia, 5582.

De otra parte, en la sentencia de 21 de mayo de 2001, el Tribunal Supremo español expresó que la figura de la "cabeza de familia" contemplada en el Art. 1910 se refiere a aquella persona o entidad "que como titular jurídico, utilice la

vivienda o local y tiene el deber de controlar lo que ocurre en su recinto." S. de 21 de mayo de 2001, Núm. 6464, LXVII (Vol. IV) Repertorio de Jurisprudencia, 10039.

### C.

Por lo tanto, cuando se configura la situación que está recogida en el Art. 1810 --que una cosa caiga o sea arrojada de una vivienda y ocasione daños-- la ley nombra un responsable, la "cabeza de familia" o persona que ostente el control de la vivienda, que deberá resarcir los daños independientemente de la diligencia que haya podido desplegar. Esa ausencia de requisito de negligencia, sin embargo, no releva al perjudicado que demanda al amparo de esta disposición de establecer el nexo causal entre la caída del objeto y sus daños y la realidad de los daños sufridos. En cuanto a esos elementos, al igual que en otras situaciones de responsabilidad civil extracontractual, el demandante carga con el peso de la prueba. *Véase*, <u>Bacó v. Almacén Rosa Rosa</u>, 2000 TSPR 111, res. 30 de junio de 2000.

### III.

En este caso es un hecho incontrovertido que del apartamento del Sr. Hasselback cayó agua y que ésta, además de inundar el apartamento del Dr. Berio, provocó que se cayera el estucado del techo y se depositara en el piso una sustancia resbaladiza. Eso, a su vez, causó que el       Dr. Berio Suárez resbalara y cayera. Estamos pues ante una situación en la que es

aplicable el Art. 1810. Algo, en este caso agua, cayó desde un apartamento y ocasionó daños. Procede, por tanto, que el responsable del apartamento desde donde cayó el agua compense al Dr. Berio Suárez por los daños que en su día pueda probar.[5]

Como mencionáramos, el demandado, señor Hasselback, era el propietario del apartamento desde donde cayó el agua. Aun cuando éste no estaba todo el tiempo en dicha residencia, la utilizaba y ocasionalmente se quedaba en ella. Ni de las alegaciones ni de la prueba presentada en la vista surge que hubiese sido otro el principal o "el cabeza de familia" encargado de dicho apartamento. De ahí que se pueda inferir que era el señor Hasselback la persona con control de la vivienda. Por lo tanto, debe ser él quien responda por los daños ocasionados al Dr. Berio Suárez por la caída de agua desde dicho apartamento.

Ahora bien, lo anterior no es óbice para que el tribunal de instancia dilucide si procede o no la defensa de negligencia comparada presentada por el señor Hasselback. El que nos encontremos ante un supuesto de responsabilidad que no requiere prueba de negligencia no impide que se descuente al demandado, del total de los daños, aquella porción por la que debe

_____

[5] Debe recordarse que esta demanda se declaró sin lugar por falta de prueba de negligencia. Aunque el Dr. Berio Suárez alegó sus daños, aún no ha tenido oportunidad de probarlos.

responder otra persona.[6] *Véanse,* <u>Dones Jiménez v. Autoridad de</u> <u>Carreteras</u>, 130 DPR 116, 124-125 (1992); <u>Montero Saldaña v.</u> <u>American Motor Corp</u>, 107 DPR 452, 463 (1978);<u>Rivera Pagán v.</u> <u>López Berlingeri</u>, 102 DPR 400, 404 (1974).

### IV.

Por los fundamentos antes expuestos, se revoca el dictamen del Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para que continúe con los procedimientos de forma compatible con lo aquí resuelto.

Se dictará Sentencia de conformidad.

Federico Hernández Denton
Juez Presidente

---

[6] No se trata, por supuesto, de que el encargado de la vivienda no tenga que responder por los actos de otros habitantes o incluso visitantes que hayan arrojado o dejado caer cosas que provoquen daños. Sin embargo, cuando existe una causa ajena al objeto arrojado o caído, bien sea ésta la negligencia del propio reclamante o las acciones de un tercero, los daños que se le puedan atribuir a esa otra causa no deberán ser resarcidos por el responsable en virtud del Art. 1810.

Advertimos, sin embargo, que no estamos ante una situación en la que la negligencia del propio perjudicado sea la causa exclusiva de los daños sufridos. El Dr. Berio Suárez estaba moviéndose por el apartamento pues intentaba minimizar los daños que la inundación le estaba causando. Por otra parte, sabía que el apartamento estaba mojado, pero no necesariamente estaba consciente de que al desplomarse el estucado del techo había caído sobre su piso una sustancia resbaladiza.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Dr. José M. Berio Suárez,
et als.

   Demandantes-peticionarios

                      CC-2003-289    Certiorari
      v.

Royal Insurance Co. of Puerto
Rico, et als.

    Demandados-recurridos


SENTENCIA


San Juan, Puerto Rico, a 20 de mayo de 2005.


     Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integral de la presente, se revoca el dictamen del Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para que continúe con los procedimientos de forma compatible con lo aquí resuelto.

     Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri concurre con el resultado sin opinión escrita. La Jueza Asociada señora Fiol Matta inhibida.


                   Aida Ileana Oquendo Graulau
                Secretaria del Tribunal Supremo